HOPE BASKET COMPANY *v.* HARTSFIELD.

4-3429

Opinion delivered April 2, 1934.

*McRae & Tompkins,* for appellant.
*Atkins & Stewart,* for appellee.

·SMITH, J. Appellee was employed at appellant's factory in making baskets, and, while so employed, sustained an injury, to compensate which she recovered the judgment from which this appeal comes. A machine was used which required the service of three persons, who were designated as a band-ringer, a band-puncher, and the operator who controlled the movement of the machine. The machine was operated by two foot pedals, one

of which controls the folding ring, which moves up and forms or shapes the web or mat into basket shape and holds it while the bands or hoops are stitched on, and the other pedal releases the folding ring and causes it to back up and stay out of the way while the finished basket is removed from the form. When the pedal which starts the folding ring in motion is stepped on and the folding ring actually starts, there is no way of stopping it until it closes over the form. The folding ring moves about twenty inches, and moves at uniform speed. Pressure on the pedal starts it. The form is round and bucket-shaped, and it is over the form that the web or mat of thin pieces of veneer is molded or formed into basket shape.

At the time appellee was injured she was band-ringer on the machine. Leona Johnson was band-puncher, and Doyle Bruce was operator. In making a basket, the following procedure was had. Appellee would first put a band or hoop over the form, then Bruce would place a web in the rack against the bottom of the form, then he would press the foot pedal which started the folding ring in motion and shaped the web over the form. After the folding ring closed over the form holding the web in basket shape, Leona Johnson would start pushing strips through little slats or guides, and the operator would start the machine to stitching, and the form would turn around as the bands were being stitched on. After the basket had been stitched all around, it would then be a completed basket, and Bruce would step on the release pedal, causing the folding ring to back up or to move off the form, releasing the basket, which Bruce would then slip off the form and stack on a pile behind him. This finished the operation, and the basket was complete.

An instruction numbered 2, given at the request of appellant, declared the law applicable to appellant's theory of the case. It reads as follows: "If you find from the evidence that plaintiff had been instructed and warned never to attempt to straighten or unhang a hoop if it hung, or she dropped or fumbled it, and you further find that on the day she was injured she caught, dropped

or fumbled a hoop as she attempted to place it on the form, and that she violated the instructions and warnings given to her and attempted to loosen or adjust the hoop, and that her hand was caught and injured by the folding ring as it closed over the form in the usual and customary manner, then plaintiff is not entitled to recover herein, and your verdict should be for the defendant.''

Much testimony was offered by appellant to the effect that appellee dropped or fumbled a hoop as she attempted to place it on the form, and that, in violation of her instructions and the warnings given her for her own protection, she attempted to loosen or adjust the hoop after the folding ring was put in motion and closed over the form in the usual and customary manner, there being no way of stopping it after being put in motion. Instruction numbered 2, set out above, told the jury that, if appellee was injured in this manner, she could not recover.

Appellee testified that, before she had time to place the hoop on the form, but while she was engaged in so doing, Bruce released the folding ring, which he was not expected to do, thereby catching her hand between the folding ring and the form and crushing it. We do not review the testimony, as it suffices to say that it is in sharp and irreconcilable conflict, and this conflict has been resolved by the jury in appellee's favor.

The court gave, at appellee's request, an instruction reading as follows: ''No. 3. You are instructed that contributory negligence cannot be presumed, but must be proved, and the burden of proving is on the defendant.''

Appellant requested that the instruction be modified by adding thereto the phrase, ''unless it should be shown by the evidence introduced on behalf of the plaintiff.''

This instruction is usually given in the form it would have appeared if modified, but the refusal to so modify the instruction was not prejudicial error under the facts of this case, for the reason that, in view of instruction numbered 2 referred to, the jury could not have been misled.

4

The court gave, at appellee's request, an instruction numbered 5, reading as follows: ''The court instructs the jury that, if you find from a preponderance of the evidence that the witness, Doyle Bruce, was in the employ of the defendant, and as such employee was operating the machine at which the plaintiff worked at the time she was injured, and that he negligently, in the operation of such machine, at a time when plaintiff was in a place of danger, released the iron rim, or follower, on said machine forcing said follower against the basket web and over the drum or form of said machine, and that plaintiff's hand was caught by said follower and jammed between the said follower and the drum, or form, and plaintiff was injured thereby; and you further find at the time she was exercising due care for her own safety, and had not assumed the risk; and if you further find from the testimony that, due to such negligent operation of defendant's machine, if any, Marion Hartsfield was injured, then the court tells you that Hope Basket Company is liable for all injuries and damages suffered as an approximate and natural result of such negligence.''

Specific objection was made to the phrase, ''at a time when plaintiff was in a place of danger,'' for the reason that there is no question of ''discovered peril'' in the case.

We think, however, that the objection is not well taken. The controlling question of fact in the case is whether Bruce released the iron rim or follower at a time when it endangered appellee's safety to do so. In other words, appellee was in a place of danger if Bruce prematurely released the rim, as appellee testified he did, and the instruction makes no application of the doctrine of discovered peril. It was not contended that Bruce could have done anything to avert the injury after putting the rim or follower in motion. His alleged negligence consisted in prematurely starting the machine at a time when to do so endangered appellee's safety, and we conclude therefore that there is no error in the instruction.

It is finally insisted that the verdict, which was for $5,000, is excessive. But we do not think so. Appellee is

unmarried, and was only seventeen at the time of the trial. She testified that her hand was mashed flat like a biscuit, and that she was confined in the hospital for eighteen days, where she suffered great pain, and that she continues to suffer pain. There was a shortening and misplacement of the bones in healing, which has resulted in the disfigurement of the hand, and the attending physician testified that appellee's fingers were not only of no service to her but were rather in her way, because they were stiff.

There appears to be no error, and the judgment will therefore be affirmed.